## HIGH v. OPALITE TILE CO.

### (Circuit Court of Appeals, Third Circuit. February 7, 1911.)

#### No. 1,402 (57).

CORPORATIONS (§ 428*)—VOIDABLE PREFERENCE—KNOWLEDGE AND INTENT—
KNOWLEDGE OF OFFICER OF CORPORATION.

Where the president and manager of a bankrupt corporation, who owned practically all of its stock, and who was also vice president and general manager of defendant company, without authority and fraudulently transferred money of defendant company to the account of the bankrupt, and before the bankruptcy restored a part of it, the other officers and directors of defendant having no knowledge of the transactions his knowledge of the intended preference was not imputable to defendant, so as to render the preference recoverable by the bankrupt's trustee, under Bankr. Act July 1, 1898, c. 541, § 60b, 30 Stat. 562 (U. S. Comp. St. 1901, p. 3445).

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1748–1761; Dec. Dig. § 428.*]

In Error to the District Court of the United States for the Western District of Pennsylvania.

Action at law by John L. High, trustee in bankruptcy of the Frank B. Mirick Company, against the Opalite Tile Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Trimble & Chalfant, for plaintiff in error.

E. W. Smith, W. K. Shiras, and C. C. Dickey, for defendant in error.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. This is an action by the trustee of the bankrupt estate of the Frank B. Mirick Company against the Opalite Tile Company to recover an alleged unlawful preference of $3,647.52. The jury rendered a verdict in favor of the plaintiff. The District Court entered judgment for the defendant non obstante veredicto, upon the motion of the defendant, under the practice authorized by the Pennsylvania statute of April 22, 1905. P. L. 286. The writ of error brings up that judgment.

Section 60b of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]) provides that:

"If a bankrupt shall have given a preference, and the person receiving it, or to be benefited thereby, or his agent acting therein, shall have had reasonable cause to believe that it was intended thereby to give a preference, it shall be voidable by the trustee, and he may recover the property or its value from such person."

The single question presented by the record is: Was there any evidence produced on the trial from which the jury could legally infer that the defendant, the Opalite Company, had reasonable cause to believe that the bankrupt, by the payment of the moneys sued for, intended to give a preference? The learned judge of the District Court, after a careful review of the facts, concluded that there was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

no such evidence. Accordingly he gave judgment for the defendant non obstante veredicto.

We think he was right. W. T. Carter, who owned all the capital stock of the bankrupt company excepting two or three shares, and who was its president and manager, was also vice president and general manager of the defendant company. Through his management the bankrupt company became indebted to the defendant company for tile sold by the latter company and also for cash transferred from the account of the latter company. There is no evidence whatever that the board of directors of the defendant company, or any of its officers, ever authorized Carter to loan money to the bankrupt company, or that they knew of any loans. The advances which Carter made to the bankrupt company out of the funds of the defendant company were clearly unauthorized and fraudulent. As he owned practically all the capital stock of the bankrupt company, the advances were in his own interest, and opposed to the interest of the defendant company. The repayments to defendant company by Carter out of the assets of the bankrupt company of the moneys now sued for amounted, as the proofs conclusively show, to less than the advances. No officer or agent of the defendant company, except Carter, had any actual knowledge of these cash transactions. In his opinion the learned District Judge said:

"Carter was therefore in the position of having taken the money of the defendant company, of which he was an officer, and of having appropriated it to the Mirick Company, of which he was president. He was therefore standing in an antagonistic relation to his principal, the defendant company, and his conduct raises the clear presumption that he would not communicate the fact of his misappropriation of his principal's money to it, but when he found his company insolvent he would attempt to restore the defendant's money to it; the motive being to escape the criminal consequences of his embezzlement of the funds of the defendant company. Therefore in making the payment Carter was clearly acting for himself, and not for the defendant company, and his knowledge of the insolvency would not be the knowledge of the defendant company, and his intention to prefer the defendant company cannot be attributable to that company."

This statement is in accord with Lilly v. Hamilton Bank, 178 Fed. 53, 102 C. C. A. 1, and many other cases that might be cited. The knowledge of Carter was not imputable to the defendant company.

The judgment of the District Court is affirmed, with costs.